

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YOLANDA WILHELM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 4272 |
| ) | |
| THE CITY OF CALUMET CITY, ) | Judge Ronald A. Guzmán |
| ILLINOIS, a unit of local government, ) | |
| and MICHELLE QUALKINBUSH, ) | |
| in her individual and official capacities ) | |
| as Mayor of the City of Calumet City, ) | |
| Illinois, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Yolanda Wilhelm sued the City of Calumet City, Illinois and its Mayor, Michelle Qualkinbush, for their alleged violations of Title VII, 42 U.S.C. § 2000e *et seq.*, and the First Amendment. Last October, a jury returned verdicts for defendants on all of plaintiff's claims but one – that defendants had demoted plaintiff because she refused to support Qualkinbush's mayoral campaign. The case is before the Court on defendants' motion pursuant to Federal Rule of Civil Procedure ("Rule") 50(b) for judgment as a matter of law on the First Amendment retaliation claim, plaintiff's petition pursuant to 42 U.S.C. § 1988 for attorney's fees and plaintiff's Rule 54(d) bill of costs. For the reasons set forth below, defendants' motion is denied and plaintiff's requests are granted in part and denied in part.

## Motion for Judgment

Defendants contend that the verdict against them on the First Amendment retaliation claim should be overturned because there is no evidence that Qualkinbush played any role in moving plaintiff from the legislative clerk position to the cashier position or that the change in position constituted an adverse employment action. As movants, defendants have the burden of showing that the evidence adduced at trial was not legally sufficient to support that verdict. *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000).

Defendants have not sustained their burden. Though they argue about what the evidence did and did not show, defendants have not submitted a single page of the trial transcript to support their motion. Without the transcript, the Court is in "no position to determine whether there was a reasonable basis for the jury's verdict." *Woods v. Thieret*, 5 F.3d 244, 245-46 (7th Cir. 1993) (dismissing appeal of denial of Rule 50(b) motion because appellant failed to submit a trial transcript). Defendants' motion is, therefore, denied.

## Costs & Fees

Plaintiff seeks to recover her costs pursuant to Rule 54(d) and her fees pursuant to 42 U.S.C. § ("section") 1988. This Court's Local Rule 54.1(a) requires a prevailing party to file a bill of costs "[w]ithin 30 days of the entry of a judgment allowing costs." Moreover, the rule says, "[i]f the bill of costs is not filed within 30 days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived." In this case, the judgment allowing costs was entered on

2

November 30, 2006. Plaintiff filed her bill of costs on January 23, 2007, almost sixty days after the judgment was entered. Plaintiff did not seek or receive an extension of time to file the bill nor has she offered any explanation for her failure to file it on time. Consequently, she has waived all costs but the $150.00 filing fee.

The City contends that it cannot be held liable for either plaintiff's costs or fees because she did not prevail against it. Though the jury found that the City had violated plaintiff's First Amendment rights, it did not hold the City liable for any compensatory damages and could not hold it liable for punitive damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."). Because plaintiff did not receive "relief on the merits of [her] claim [that] materially alters [her] legal relationship [with the City and] modifi[es] the [City's] behavior in a way that directly benefits [her]," *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992), the City says she has not prevailed against it.

The Court agrees. Absent a damage award or an injunction, the verdict plaintiff obtained against the City is nothing more than "a judicial pronouncement that the [City] has violated the Constitution" which, the *Farrar* Court said, "does not render the plaintiff a prevailing party." *Id.* at 112. Plaintiff is not, therefore, a prevailing party with respect to the City and cannot recover from it her fees or costs of suit.

Defendants also argue that Qualkinbush should not be held liable for plaintiff's fees or costs because, though she prevailed as to Qualkinbush, her recovery is too slight to warrant any award. *See id.* at 117 (O'Connor, J., concurring) ("When the plaintiff's success is purely technical or *de*

3

*minimis*, no fees can be awarded."). "[T]o determine whether . . . plaintiff's victory . . . is *de minimis*, we look at the difference between the judgment recovered and the recovery sought, the significance of the legal issue on which the plaintiff prevailed and, finally, the public purpose served by the litigation." *Cartwright v. Stamper*, 7 F.3d 106, 109 (7th Cir. 1993).

The first factor suggests that plaintiff's victory is slight, as she sought more than $500,000.00 in damages but was awarded only $2,500.00. The second and third factors, however, show that the victory was more substantial. The jury awarded plaintiff $2,500.00 in punitive damages on her claim that defendants had retaliated against her for failing to support Qualkinbush's mayoral campaign. As the Court noted in the judgment order, plaintiff won on a substantial legal issue, not a technicality, and her victory has significance beyond the parties to this case:

> [T]he jury believed that Qualkinbush demoted Wilhelm because she refused to participate in Qualkinbush's mayoral campaign, not because plaintiff's job performance was poor or the Clerk's Office needed to reorganize or economize. . . . [T]here is a strong public interest in deterring Qualkinbush and other officials from engaging in such conduct. The employees of the Calumet City Clerk's Office are paid by and should serve the City taxpayers, not the political ambitions of its officials. The public's interest in having that service delivered to them, and delivered efficiently, is thwarted if publicly-paid employees are promoted and demoted on the basis of political sponsorship, not merit.

(11/22/06 J. at 4 (footnote omitted).) *See Cartwright*, 7 F.3d at 110 ("An award of punitive damages . . . is strong evidence that the victory served a public purpose."). Given the circumstances of this case, the Court holds that plaintiff's victory, though not overwhelming, is not too slight to merit the award of fees or costs.

Our next task is to determine what a reasonable attorney's fee is in this case. We do so by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate,

4

the so-called lodestar, and adjusting that figure to account for plaintiff's degree of success in the suit. *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997). When a plaintiff achieves only limited success, as in this case, she should be awarded "'only th[e] amount of fees that is reasonable in relation to the results obtained.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)).

Plaintiff seeks $350.00 per hour for the services of Luke Casson, $250.00 per hour for the services of Kevin Lahey and Heather Wakefield Kartsounes, and $50.00 per hour for the work of paralegals. Plaintiff has the burden of proving that those rates are reasonable. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999).

An "attorney's actual billing rate for comparable work" is a presumptively reasonable rate. *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). Plaintiff has submitted evidence that her lawyers customarily charge the rates they seek for work on similar cases. (*See* Casson Decl. ¶ 4; Lahey Aff. ¶ 8; Kartsounes Aff. ¶ 5.) Defendants, who did not file a response to plaintiff's fee petition, have not shown that those rates are unreasonable. *See People Who Care*, 90 F.3d at 1313 ( "Once an attorney provides evidence of his billing rate, the burden is upon the defendant to present evidence establishing a good reason why a lower rate is essential." (quotation omitted)). Thus, the Court finds that the hourly rates sought by plaintiff's counsel are reasonable.

Plaintiff has not, however, submitted any evidence as to the reasonableness of the paralegal rate she seeks. Accordingly, plaintiff may not recover anything for paralegal work.

Next, we must determine the number of attorney hours that were reasonably expended on this litigation. Plaintiff has redacted portions of many of the time descriptions submitted in support of her fee petition. In those instances, the Court cannot tell whether the work billed was reasonably

expended on this case. Thus, plaintiff may not recover for any time that has a redacted time description.

Plaintiff may also not recover for time billed by her attorneys before June 21, 2004, when they began to draft the complaint that was filed in this case. Though some pre-complaint preparation may have been compensable, counsel's time descriptions do not enable the Court to determine whether or how much of the work they performed before June 2004 was reasonably expended on this case. Consequently, plaintiff may not recover any for any of the time her lawyers billed from December 11, 2002 through June 10, 2004.

With those deletions, the number of hours reasonably expended by plaintiff's counsel on this case is 613.7 (490.9 hours by Mr. Casson, 7 hours by Ms. Kartsounes, and 115.8 hours by Mr. Lahey). Multiplying the hours reasonably expended by the reasonable rates yields a lodestar of $202,515.00 ($171,815.00 [490.9 x $350.00] + $1750.00 [7 x $250.00] + $28,950.00 [115.8 x $250.00]).

Now we must adjust that figure to reflect plaintiff's limited success in this suit. Plaintiff prevailed on only one of the four claims she asserted in her first amended complaint and received only a fraction of the monetary relief she sought. Under the circumstances, the Court finds a seventy percent reduction of the lodestar to be appropriate. Thus, the Court holds that plaintiff is entitled to a reasonable attorney's fee of $60,754.50 and costs of $150.00.

## Conclusion

For the reasons stated above, the Court denies defendants' Rule 50(b) motion for judgment [doc. no. 176], grants in part and denies in part plaintiff's bill of costs [doc. no. 181] and grants in part and denies in part plaintiff's petition for attorneys' fees [doc. no. 184]. The Court hereby enters judgment in plaintiff's favor and against defendant Qualkinbush on plaintiff's fee petition and bill of costs in the amount of $60,904.50.

**SO ORDERED.**     ENTERED: 5/25/07

HON. RONALD A. GUZMAN
United States District Judge